UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEWERAGE AND WATER BOARD OF NEW ORLEANS | * * | CIVIL ACTION NO. |
| Plaintiff | * * | SECTION "____" |
| VERSUS | * * | MAG. DIV. (____) |
| NORDBAY SHIPPING CV, REEDEREI NORD BV, and THE SWEDISH CLUB *in personam* | * * * * | |
| M/T NORDBAY, her engines, tackle, appurtenances, etc. *in rem* | * * * | |
| Defendants | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Complaint of Sewerage and Water Board of New Orleans ("SWB") against the M/T NORDBAY, its engines, tackle, apparel, equipment, furniture, accessories, appurtenances, etc., *in rem*, Nordbay Shipping CV, as the voyage charterer, owner *pro hac vice* and/or owner of the M/T NORDBAY, Reederei Nord B.V., as the time charterer, owner *pro hac vice* and/or owner of the M/T NORDBAY, *in personam*, and The Swedish Club, in a cause of allision, tort, civil and maritime, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully avers, and upon information and belief, as follows:

I.

The jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333(1), which grants original jurisdiction to federal district courts over any civil case of admiralty or maritime jurisdiction, and the provisions of the general maritime law, as the incident

1

described herein involves an allision with and damage to two (2) water intake facilities on navigable water.

II.

Venue is proper in this Court because the facts, events and circumstances giving rise to the claims occurred within this District and within the jurisdiction of this Honorable Court.

III.

At all times hereinafter mentioned, plaintiff, SWB, was and is a public corporation created under the terms of Act 6 of 1899, E.S., now Title 33, Section 4071 through 4159, both inclusive, of the Louisiana Revised Statutes of 1950, as amended, appearing herein through its proper officer, and authorized to do and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court.

IV.

At all times hereinafter mentioned, SWB was and now is the owner of two (2) water intake facilities with adjacent intake dolphins, support structures, piles, and walkways (collectively referred to as the "Facilities"), that were at all times pertinent hereto strong, stationary, and properly lit at or near Miles 103.8 and 104.1 A.H.P. of the Mississippi River in Orleans and Jefferson Parishes, Louisiana, respectively.

V.

Made Defendants herein are:

a) Nordbay Shipping CV ("NSCV"), which upon information and belief is and at all relevant times was a foreign business entity organized and existing in accordance with the laws of Netherlands, with its principal place of business at Stadionweg 192, 1077

TC Amsterdam, Netherlands. At all material times, NSCV was and is doing business on the navigable waters of the State of Louisiana, and on information and belief, was the voyage charterer, owner pro *hac vice* and/or owner of the M/T NORDBAY;

b) Reederei Nord B.V. ("RNBV"), which upon information and belief is and at all relevant times was a foreign business entity organized and existing in accordance with the laws of Netherlands, with its principal place of business at Alpha Tower, De Entrée 53, 1101 BH Amsterdam, Netherlands. At all material times, RNBV was and is doing business on the navigable waters of the State of Louisiana, and on information and belief, was the time charterer, manager, owner *pro hac vice* and/or owner of the M/T NORDBAY;

c) The M/T NORDBAY, a steel-hull, oceangoing tanker vessel engaged in the carriage of goods by sea for hire between various foreign and domestic ports, and a bulk cargo carrier vessel of foreign registry, bearing IMO No. 9319870, which was within the territorial jurisdiction of this Honorable Court on or about February 2, 2016; and

d) The Swedish Club, which upon information and belief is and at all relevant times was a foreign insurance company, with its principal place of business at Gullbergs Strandgata 6, SE-411 04 Gothenburg, Sweden, that provided hull, protection and indemnity, and/or general liability insurance for the aforesaid Defendants and/or the M/T NORDBAY, and, as such, can be sued pursuant to the Louisiana Direct Action Statute, to La. Stat. Ann. § 22:1269.

VI.

On or about February 2, 2016, the M/T NORDBAY was transiting the Mississippi River when it allided with and caused damage to the SWB Facilities, causing and resulting in physical damage to the said Facilities.

SWB reserves the right to amend and supplement this article of its Complaint once all the facts and circumstances surrounding this accident become more fully known.

VII.

The allision hereinabove described and all losses and damages as a result therefrom were caused by the negligence of Defendants and those in charge of the navigation, operation and management of the M/T NORDBAY and unseaworthiness of the M/T NORDBAY, contrary to law and customary practice, for which the M/T NORDBAY is liable *in rem*, and its owners, managers, operators and insurers are liable, *in personam*.

VIII.

The allision hereinabove described and all losses and damages as a result therefrom were not caused or contributed to by any fault or neglect or want of care on the part of SWB or of anyone for whose conduct SWB is responsible. On the contrary, SWB avers that the allision and resulting damages were caused by the fault, neglect and want of due care of the M/T NORDBAY, the Defendants and those in charge of the navigation, operation and management of the M/T NORDBAY in the following non-exclusive respects, among others which will be proven at the trial in this action:

    a) The M/T NORDBAY was unseaworthy;

b) The M/T NORDBWAY had persons in charge of its navigation who were careless, incompetent or inattentive to their duties;

c) The owners and managers of the M/T NORDBAY negligently and carelessly assigned an inadequate and incompetent crew to the vessel;

d) The officers and crew of the M/T NORDBAY were incompetent and improperly trained;

e) The owners and managers of the M/T NORDBAY failed to maintain, inspect and/or replace the vessel's equipment to ensure its safe condition;

f) Those aboard the M/T NORDBAY failed to maintain a proper lookout and failed to take necessary steps to avoid allision when the danger of an allision was apparent;

g) Those in charge of the M/T NORDBAY failed to exercise prudent seamanship under the prevailing circumstances and conditions; and

h) Other negligence or violations of statutes or regulations designed to prevent casualties of this type that shall be proven at the trial of this cause.

IX.

Each and every one of the foregoing enumerated acts or omissions constitutes negligence/unseaworthiness and was the proximate, producing, and legal cause of SWB's damage. The foregoing acts were within the privity and knowledge of Defendants.

X.

In addition, and in the alternative, the allision in question was caused by defective equipment which was in the care, custody, and control of Defendants.

Defendants knew or should have known of these defects and they are therefore liable for the damage cased.

XI.

Defendants failed to adhere to statutory regulations, standards, and laws designed and enacted to prevent incidents such as the one forming the basis of this claim, and such failure constitutes negligence *per se*. Furthermore, SWB invokes the rule of *The Pennsylvania*, 86 U.S. 125, 136 (1873), which requires that Defendants prove "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been."

XII.

The facts of this case warrant application of a presumption of fault against Defendants pursuant to the U.S. Supreme Court's holding in *The Oregon*, 158 U.S. 186 (1895), which imposes the burden of proving absence of fault or inevitable accident on a moving vessel that strikes a stationary structure.

XIII.

SWB specifically pleads the doctrine of *res ipsa loquitur* and all facts, laws, and legal presumptions which arise from the fact that Defendants were in exclusive control of the instrumentality causing the accident and damages referred to above, and because the incident described herein is the type of casualty which would not have occurred in the absence of fault and negligence by Defendants.

XIV.

As a result of the above described casualty, SWB has sustained damages and losses to its Facilities, including, but not limited to, physical damage and costs of repairs

and/or replacement, barge shifting and related fender protection expenses, surveying fees and expenses, engineering fees and expenses, loss of use and down time, contingent liabilities which SWB will or may face, and other miscellaneous expenses, damages and/or losses which SWB has or may incur as a direct and/or consequential result of the incident referred to herein.

SWB reserves the right to amend and supplement this article of its Complaint once the total amount of damages surrounding this accident become more fully known.

XV.

SWB further prays for all damages, attorneys' fees, expenses, costs, pre-judgment and post-judgment interest.

XVI.

SWB further avers that there may be additional contingent claims resulting from the aforementioned casualty and seeks recovery over and against the M/T NORDBAY and all Defendants herein for any such sums.

XVII.

SWB has attempted without success to reach an amicable resolution of this claim, and thus resulting in the need to bring the subject action. Accordingly, SWB demands that Defendants file or cause to be filed by the M/T NORDBAY, an appearance and answer, *in personam*, and a claim to the M/T NORDBAY, *in rem*, in this matter.

XVIII.

All and singular, the parties of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff, Sewerage and Water Board of New Orleans, respectfully prays that process in due course of law, according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction, issue against the M/T NORDBAY, its engines, tackle, apparel, furniture, accessories, appurtenances, etc., *in rem*, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters aforesaid; that after due proceedings had, plaintiff have a judgment for its damages as above set forth with interest, costs and attorney's fees, and that plaintiff may have a decree establishing its maritime tort lien for all damages, costs, expenses, attorneys' fees and interest (pre-judgment and post-judgment) against the M/T NORDBAY; and that the vessel be condemned and sole to satisfy plaintiff's judgment, in preference and priority to all other claims.

Plaintiff further prays for judgment against Nordbay Shipping CV, Reederei Nord B.V., and The Swedish Club for the amount of all sums claimed herein, and for indemnification and/or reimbursement and/or restitution and/or recovery over for any sums plaintiff may pay or be required to pay to others, by way of settlement, judgment or otherwise, as aforementioned, and for all interest (pre-judgment and post-judgment), costs and attorneys' fees.

Plaintiff further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

NEW ORLEANS, LOUISIANA, this 1st day of February 2019.

Respectfully submitted:


**/s/ Adam P. Sanderson**
ANDRE J. MOULEDOUX (#9778)
ADAM P. SANDERSON (#31312)
TREVOR M. CUTAIAR (#33082)
Mouledoux, Bland, Legrand & Brackett
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
Email: amouledoux@mblb.com
asanderson@mblb.com
tcutaiar@mblb.com

-and-


DARRYL HARRISON,
DEPUTY SPECIAL COUNSEL (#8410)
Sewerage & Water Board of New Orleans
625 St. Joseph Street, Suite 201
New Orleans, Louisiana 70165
Telephone: 504-585-2236
Facsimile: 504-585-2426
Email: dharrison@swbno.org

***Attorneys for Sewerage & Water Board of New Orleans***